

David Abrams, Attorney at Law
Admitted Pro Hac Vice
PO Box 3353 Church Street Station
New York, New York 10008
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court          **TO BE FILED UNDER SEAL**
District of Arizona

---

United States of America ex rel.  )
GNGH2 Inc.,                       )
                                  )
         Plaintiff-Relator,       )
                                  )
         - against -              )    Index No.:   CV-22-30-TUC-JAS
                                  )
MSE Branded Foods of Arizona LLC; )
                                  )    **Complaint**
MSE Branded Foods of Nebraska LLC;)
                                  )
MSE Branded Foods of Maryland LLC;)
                                  )
MSE Branded Foods of Gulfport-Biloxi LLC; )
                                  )
MSE Branded Foods of South Carolina LLC; )
                                  )
MSE Branded Foods of Michigan LLC;)
                                  )
Merrimack Food Systems LLC; and   )
                                  )
MSE Hospitality - Dawsonville Inc.)
                                  )
         Defendants.              )
---

Plaintiff-Relator, complaining of the Defendants by its attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

**I.   Nature of the Case**

1.   This is a false claims act claim. The Qui Tam Plaintiff and Relator, GNGH2 Inc. ("Relator"), alleges that the Defendants fraudulently obtained disaster relief under the Restaurant

Revitalization Act means of fraudulent certifications of eligibility. As set forth in more detail below, the Defendants in this matter are all affiliates of each other. Taken together, their size far exceed the maximum threshold for eligibility for disaster relief.

## II. Parties

2. Plaintiff-Relator GNGH2 is a New Jersey corporation.

3. Defendants MSE Branded Foods of Arizona LLC; MSE Branded Foods of Nebraska LLC; MSE Branded Foods of Maryland LLC; MSE Branded Foods of Gulfport-Biloxi LLC MSE Branded Foods of South Carolina LLC; MSE Branded Foods of Michigan LLC; Merrimack Food Systems LLC; and MSE Hospitality - Dawsonville Inc. are entities which operate restaurants in Arizona, Nebraska, Maryland; Mississippi; South Carolina; Michigan; New Hampshire; and Georgia respectively.

## III Jurisdiction and Venue

4. This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where any one Defendant resides or transacts business. In this case, Defendant MSE Branded Foods of Arizona LLC operates a Steak & Shake restaurant franchise at the student union of the University of Arizona in Tucson, Arizona.

## IV. Activities of and Relationship Among the Defendants

5. The Defendants in this matter are all under common control and ownership of an entity known as MSE Branded Foods.

6. As a combined entity, the Defendants are too large to qualify for relief under the Restaurant Revitalization Act.

**V.     Background**

7.     Throughout most of 2020, the United States was faced with a large scale outbreak of the virus commonly known as "Coronavirus" and "COVID-19." (the "Coronavirus Epidemic").

8.     In addition to the Coronavirus Epidemic itself, the United States was faced with large scale outbreaks of panic and hysteria as a result of the Coronavirus Epidemic.

9.     All of the above has resulted in major economic disruption and as a result Congress enacted various measures including the Restaurant Revitalization Act which was intended to provide relief to restaurants and small restaurant chains which lost business due to lockdowns and other measures which were enacted as a result of the above-described hysteria.

10.    Each of the Defendants herein applied for and received such relief as follows:

| Date | Party | Amount |
| --- | --- | --- |
| 5/21/2021 | MSE Branded Foods of Arizona LLC | $389,315.00 |
| 5/19/2021 | MSE Branded Foods of Nebraska LLC | $628,315.36 |
| 5/19/2021 | MSE Branded Foods of Maryland LLC | $494,785.00 |
| 5/21/2021 | MSE Branded Foods of Gulfport-Biloxi LLC | $488,797.00 |
| 5/21/2021 | MSE Branded Foods of South Carolina LLC | $3,160,757.00 |
| 5/7/2021 | MSE Branded Foods of Michigan LLC | $219,122.00 |
| 5/21/2021 | Merrimack Food Systems LLC | $574,304.00 |
| 5/21/2021 | MSE Hospitality - Dawsonville Inc. | $733,185.00 |
| Total: | | $6,688,580.36 |

11.    With a few inapplicable exceptions, the eligibility rules require that all affiliated and related entities be considered in determining whether a business qualifies for the relief in question.

12. Looking at the Defendants as a whole, the Defendants had far more than the maximum assets, payroll size, and revenue for qualification.

13. Thus, the Defendants necessarily made false certifications as to their eligibility for relief.

14. These statements would have been made shortly before the dates set forth above. As a result of these statements, the Defendants received substantial funds to which they would not otherwise have been entitled.

### VI. (Count I) Violation of the False Claims Act

15. The False Claims Act imposes liability on a person or entity who " knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" 31 U.S.C. Section 3729(a)(1)(B)

16. The Courts have held that this can include false statements regarding eligibility to participate in a program. See *United States ex rel. Kirk v. Schindler Elevator Corp.*, 601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

17. Thus, the Defendants' certifications of eligibility violated the False Claims Act because they were false and required for eligibility for disaster relief.

### VII. Relief Sought

18. On behalf of the government, Relator is seeking judgment for the triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

19. The Defendants received at least approximately $6,688,580.36 in disaster relief as a result of the certifications set forth above.

20. Accordingly, Relator seeks judgment in the amount of $20,065,741.08 against the Defendants and in favor of the United States, together with costs, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.

Respectfully submitted,

_____

David Abrams, Attorney at Law
 Attorney for Relator
GNGH2 Inc.

PO Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
dnabrams@gmail.com

Dated: New York, NY
       January 20, 2022